UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

AMERICAN PROPERTY INSURANCE
COMPANY, a foreign corporation,

    Plaintiff,

CASE NO.: 18-cv-62686-UU

v.

SOUND CONNECTION DISTRIBUTORS, INC.,
a Florida for Profit Corporation; SHIMON SWISSA,
individually; ZEVULONI & ASSOCIATES, INC.,
a Florida for Profit Corporation; and JOSEPH
ZEVULONI, individually.

    Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS COMPLAINT**

Defendants, Zevuloni & Associates, Inc. ("Zevuloni & Associates") and Joseph Zevuloni (collectively with Zevuloni & Associates referred to as "Zevuloni"), through their undersigned counsel, and in accordance with Rules 9(b) and 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE, hereby move this court for an order dismissing Counts II and III of the Civil Action Complaint (D.E. #1) for failure to plead fraud with the requisite degree of specificity and failure to state a claim upon which relief can be granted.

**MEMORANDUM OF LAW**

    **I.**    **Summary of the Facts Alleged Against Zevuloni**

The "Background Facts" section of the Complaint makes the following essential allegations against Zevuloni:

On or around October 16, 2017, more than one month after Hurricane Irma, Sound Connection retained Zevuloni & Associates, Inc. and its principal, Joseph Zevuloni, to act as its public adjuster with respect to making a claim against APIC for alleged damages to the insured premises, the buildings and structures thereon, and certain of the building's contents.  Complaint at ¶ 23.

Joseph Zevuloni allegedly referred Sound Connection to a company called Dry Masters, Specialists, Inc.  *Id*. at 24.

It was not until May 24th, 2018 that Sound Connection first provided APIC with an estimate prepared by its public adjuster. The estimate was frequently changed. In fact, APIC was provided with three different estimates of damages prepared by its public adjuster, Zevuloni & Associates, Inc. and Joseph Zevuloni: one dated May 24, 2018, for $3,912,574.94; a second dated July 18, 2018, for $3,849,245.37; and a third estimate dated September 12, 2018, for $3,811,589.11.[1]  *Id*. at 41.

Count II seeking rescission of the insurance contract also makes some factual allegations directed at Zevuloni & Associates, Inc. and Joseph Zevuloni. Specifically:

Defendants, Zevuloni & Associates, Inc. and Joseph Zevuloni, created and prepared estimates of alleged damages at the insured premises. These estimates were adopted by Sound Connection and its owner, Shimon Swissa, as being truthful and accurate, and were submitted to APIC in support of Sound Connection's claim for Irma-related damages under the subject APIC policy. *Id*. at 59.

The estimates that containing these many and varied misrepresentations were compiled and prepared by Zevuloni & Associates, Inc. and Joseph Zevuloni. *Id*. at 68.

## II.     The Complaint Fails to Plead Fraud with the Requisite Degree of Specificity

The Complaint then goes on to make a series of wild allegations that are not rooted in any specifically pled facts.  Paragraph 68 of Count II alleges that "estimates that [sic] containing these many and varied misrepresentations were compiled and prepared by Zevuloni & Associates, Inc.

---

[1] The deviation between the estimates is roughly $60,000 in the first instance and $40,000 in the second instance, representing, at most, a 1.6% deviation between the estimates – a rounding error when considering figures like these.  Moreover, the estimates were reduced downwards, which constitutes a benefit to the insurance company.

and Joseph Zevuloni." Paragraph 73 of Count III of the Complaint alleges that "the Defendants, individually and together, have violated Florida Statutes §817.234 because they prepared and presented the claim and the estimates knowing that they contained false, incomplete or at least misleading information" and seeks damages against Zevuloni & Associates, Inc. and Joseph Zevuloni, the principal of Zevuloni & Associates, Inc., in his individual capacity.

First and foremost, the Complaint contains none of the required specific factual allegations required of a fraud allegation to meet the standards enunciated in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) and *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007).  "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with such particularity as the circumstances permit." Fla. R. Civ. P. 1.120(b). Failure to plead fraud with particularity will lead to the dismissal of a complaint. *Cedars Healthcare Group, Ltd. v. Mehta*, 16 So.3d 914 (Fla. App., 2009).  The blanket assertions of the Complaint are not backed by any of the required specificity of a Complaint alleging fraud.  They lack the details, indeed the "who, why, when and how" of American Property Insurance claims to have been defrauded[2].

The only instance where American Property Insurance makes any *specific* allegations is with respect to the dates and amounts of the three estimates of damages that were revised and reduced. The *de minimis* changes in the estimates hardly represents a flyspeck, much less fraud.  It is well-settled that "policyholders may present inaccurate proofs of loss without conscious dishonesty of intent to defraud; different views of values are common; memory is faulty; insurance company and assured often entertain widely different views concerning the policy; and evidence cannot always be produced to establish something declared to be true in entire good faith." *Jose*

---

[2] Interestingly, the only damages that American Property Insurance claims to have sustained are the costs of its investigation.  American Property Insurance can not claim any other damages because it has not paid anything towards this claim.

*Rivera Soler Co v. United Firemen Ins Co of Philadelphia*, 299 U.S. 45 (1936).

The allegations of Count II of the Complaint simply do not rise to the level of what is required to plead a cause of action for fraud. Accordingly, Count II of the Complaint should be dismissed.

### III.   The Complaint's Civil RICO Count Fails to State Cause of Action

Count III of the Complaint attempts to articulate a cause of action under the Civil Remedies Against Criminal Practices Act, *Fla. Stat.* § 722.101, *et. seq.*, Florida's RICO Act equivalent. The Act is perhaps one of the most frequently misused pieces of legislation in Florida. It has no application here whatsoever.

Section 772.102 defines a "pattern of criminal activity" as "engaging in at least two incidents of criminal activity that have the same or similar intents, results, accomplices, victims, or methods of commission or that otherwise are interrelated by distinguishing characteristics and are not isolated incidents." § 772.102(4), Fla. Stat. Thus, to bring a RICO action in Florida, a plaintiff has to demonstrate that "there has been some sort of ongoing criminal behavior." *Ginsberg v. Lennar Fla. Holdings*, 645 So.2d 490, 501 (Fla. 3d DCA 1994). The purpose of the Act "is to punish, through civil penalties, actions which are ongoing and criminal in nature." *Id.* "To maintain an action under section 772.103, a plaintiff must plead the necessary predicate acts or continuity of endeavor." *See Id.*, *Eagletech Commc'ns, Inc. v. Bryn Mawr Inv. Grp., Inc.*, 79 So. 3d 855, 865 (Fla. App., 2012).

American Property Insurance has not (and cannot) alleged the necessary predicate acts in Count III. The Complaint does a poor enough job at failing to allege fraud with the required degree of specificity, in that it fails to identify which specific invoices and estimates were fraudulent, or why they were fraudulent, or any meaningful information at all. These allegations certainly fail to

meet the criteria of section 772.102(4), which states, "For the purposes of this chapter, the term 'pattern of criminal activity' shall not include two or more incidents of fraudulent conduct arising out of a single contract or transaction against one or more related persons." § 772.102(4). Thus, even if American Property Insurance had properly alleged fraudulent conduct in connection with submitting the claim, the claim arose out of the same contract or transaction. Thus, Count III fails to allege "at least two incidents of criminal activity" as required by the Act. Moreover, the RICO claims are also insufficient because the allegations merely parrot the language of the statute in an attempt to allege a cause of action. But, "[a] party does not properly allege a cause of action by alleging in conclusive form, which tracks the language of the statute, acts which lack factual allegations and merely state bare legal conclusions." *See Ginsberg*, 645 So.2d 490 at 501.

Thus, Count III of the Complaint fails to state a claim under the Civil Remedies Against Criminal Practices Act, and Count III should be dismissed. Moreover, because there was only one contract (of insurance) or transaction (a claim for one loss) at issue here, the Court should determine that American Property Insurance will never be able to state a claim under the Civil Remedies Against Criminal Practices Act, and should dismiss Count III with prejudice.

**IV.    The Complaint's Civil RICO Count Fails to Plead Fraud with the Requisite Degree of Specificity**

Count III of the Complaint should also be dismissed for the same reason that Count II should be dismissed.  "[c]ivil RICO claims, which are essentially a certain breed of fraud claims, must be pled with an increased level of specificity" consistent with Rule 9 of the Federal Rules of Civil Procedure. *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007). To meet this standard, a well-pleaded complaint must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what

the defendants gained by the alleged fraud." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380-81 (11th Cir. 1997), *Arthur v. JP Morgan Chase Bank* (11th Cir., 2014).

Count III, and the entirety of the Complaint, fall woefully short of meeting this heightened standard. The allegations are devoid of the degree of detail that is required for a fraud or civil RICO count to be properly pled. Accordingly, Count III of the Complaint should be dismissed.

V.  **Conclusion**

For all of the foregoing reasons, Zevuloni respectfully requests that the Court dismiss Count II of the Complaint for failure to plead fraud with the required degree of specificity, dismiss Count III of the Complaint with prejudice for failure to state a claim, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted on this 2nd day of January, 2018

       */s/ Daniel Y. Gielchinsky*
**Daniel Y. Gielchinsky, Esq.**
FBN: 97646
**Daniel Y. Gielchinsky, P.A.**
1132 Kane Concourse, Suite 302
Bay Harbor Islands, FL 33154
Phone: 305-763-8708
Email: dan@dyglaw.com
Attorneys for Defendants,
Zevuloni & Associates, Inc. and Joseph Zevuloni

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 2, 2019, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system. I further certify that the document is being served this day on all counsel of record identified on the attached Service List in the manner specified either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

       */s/ Daniel Y. Gielchinsky*
**Daniel Y. Gielchinsky, Esq.**

**SERVICE LIST**
CASE NO.: 18-cv-62686-UU

Michael B. Buckley, Esq.
Buckley Law Group, P.A.
3637 Fourth Street North, Suite 330
St. Petersburg, FL 33704
Phone: (727) 822-4800; Fax: (727) 822-4855
mbuckley@buckleylawgroup.com
jseipel@buckleylawgroup.com
hdalmanieras@buckleylawgroup.com
jparmerlee@buckleylawgroup.com


Jeremy F. Tyler, Esq.
Andrew Fuxa, Esq.
490 Sawgrass Corporate Parkway, Suite 110
Sunrise, Florida 33325
P: (954) 990-5251
F: (954) 990-4346
pleadings@gftlawfirm.com;
Jeremy.tyler@gftlawfirm.com