UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

AMERICAN PROPERTY INSURANCE
COMPANY, a foreign corporation,

    Plaintiff,

CASE NO.: 18-cv-62686-UU

v.

SOUND CONNECTION DISTRIBUTORS, INC.,
a Florida for Profit Corporation; SHIMON SWISSA,
individually; ZEVULONI & ASSOCIATES, INC.,
a Florida for Profit Corporation; and JOSEPH
ZEVULONI, individually.

    Defendants.
_____/

**ZEVULONI & ASSOCIATES, INC. AND JOSEPH ZEVULONI'S ANSWER AND
AFFIRMATIVE DEFENSES**

Defendants, Zevuloni & Associates, Inc. ("Zevuloni & Associates") and Joseph Zevuloni (collectively with Zevuloni & Associates referred to as "Zevuloni") hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint and state as follows:

**THE PARTIES**

1. Admitted for jurisdictional purposes only.

2. Admitted for jurisdictional purposes only.

3. Admitted for jurisdictional purposes only.

4. Admitted for jurisdictional purposes only.

5. Admitted.

6. Admitted.

7. Admitted for jurisdictional purposes only.

## JURISDICTION AND VENUE

8. Admitted for jurisdictional purposes only.

9. Admitted for jurisdictional purposes only.

10. Admitted for jurisdictional purposes only.

11. Denied.

## BACKGROUND FACTS

12. Without knowledge and therefore denied.

13. Without knowledge and therefore denied.

14. Without knowledge and therefore denied.

15. Without knowledge and therefore denied.

16. Without knowledge and therefore denied.

17. Without knowledge and therefore denied.

18. Without knowledge and therefore denied.

19. Without knowledge and therefore denied.

20. Without knowledge and therefore denied.

21. Without knowledge and therefore denied.

22. Admitted to the extent the subject Property sustained damage as a result of Hurricane Irma.

23. Admitted to the extent that Sound Connection contracted with Zevuloni & Associates to assist in the presentation of the claim for damages related to Hurricane Irma.

24. Admitted to the extent that Sound Connection retained Dry Masters for damages related to the damages related to Hurricane Irma.

25. Without knowledge and therefore denied.

26. Denied as phrased.

27. Denied as phrased.

28. Denied as phrased.

29. Without knowledge and therefore denied.

30. Denied.

31. Denied.

32. Denied.

33. Without knowledge and therefore denied.

34. Without knowledge and therefore denied.

35. Without knowledge and therefore denied.

36. Without knowledge and therefore denied.

37. Without knowledge and therefore denied.

38. Without knowledge and therefore denied.

39. Without knowledge and therefore denied.

40. Without knowledge and therefore denied.

41. Without knowledge and therefore denied.

42. Without knowledge and therefore denied.

43. Without knowledge and therefore denied.

44. Without knowledge and therefore denied.

45. Without knowledge and therefore denied.

46. Without knowledge and therefore denied.

47. Without knowledge and therefore denied.

48. Without knowledge and therefore denied.

49. Without knowledge and therefore denied.

### COUNT I – RESCISSION OF POLICY – As to Sound Connection

50. Zevuloni restates and refers to his responses above.

51. Not pertinent to Zevuloni, and therefore denied.

52. Not pertinent to Zevuloni, and therefore denied.

53. Not pertinent to Zevuloni, and therefore denied.

54. Not pertinent to Zevuloni, and therefore denied.

55. Not pertinent to Zevuloni, and therefore denied.

56. Not pertinent to Zevuloni, and therefore denied.

57. Not pertinent to Zevuloni, and therefore denied.

51. (Mis-numbered) Not pertinent to Zevuloni, and therefore denied.

### COUNT II – RESCISSION FOR FRAUD IN THE MAKING

58. Zevuloni restates and refers to his responses above.

59. Denied.

60. Without knowledge and therefore denied.

61. Without knowledge and therefore denied.

62. Without knowledge and therefore denied.

63. Denied.

64. Without knowledge and therefore denied.

65. Denied as phrased.

66. Denied.

67. Denied.

68. Denied.

69. Denied as phrased.

70. Without knowledge and therefore denied.

71. Without knowledge and therefore denied.

### COUNT III – CIVIL REMEDIES FOR CRIMINAL PRACTICES ACT, FLORIDA STATUTE §772.101 (As to all Defendants)

72. This Count has been abandoned by the Plaintiff and dismissed by the Court.

73. This Count has been abandoned by the Plaintiff and dismissed by the Court.

74. This Count has been abandoned by the Plaintiff and dismissed by the Court.

75. This Count has been abandoned by the Plaintiff and dismissed by the Court.

76. This Count has been abandoned by the Plaintiff and dismissed by the Court.

77. This Count has been abandoned by the Plaintiff and dismissed by the Court.

78. This Count has been abandoned by the Plaintiff and dismissed by the Court.

79. This Count has been abandoned by the Plaintiff and dismissed by the Court.

80. This Count has been abandoned by the Plaintiff and dismissed by the Court.

81. This Count has been abandoned by the Plaintiff and dismissed by the Court.

### COUNT IV – DECLARATORY JUDGMENT (as to Sound Connection)

82. Zevuloni restates and refers to his responses above.

83. Not pertinent to Zevuloni, and therefore denied.

84. Not pertinent to Zevuloni, and therefore denied.

85. Not pertinent to Zevuloni, and therefore denied.

79. (Mis-numbered) Not pertinent to Zevuloni, and therefore denied.

80. Not pertinent to Zevuloni, and therefore denied.

81. Not pertinent to Zevuloni, and therefore denied.

82. Not pertinent to Zevuloni, and therefore denied.

83. Not pertinent to Zevuloni, and therefore denied.

84. Not pertinent to Zevuloni, and therefore denied.

85. Not pertinent to Zevuloni, and therefore denied.

86. Not pertinent to Zevuloni, and therefore denied.

All allegations and relief requested in the WHEREFORE clauses are expressly denied.

All allegations not expressly admitted herein are hereby Denied.

## DEMAND FOR JURY TRIAL

ZEVULONI demands a trial by jury for all issues so triable.

## AFFIRMATIVE DEFENSES

As **First Affirmative Defense** Zevuloni states that the purported fraud that is alleged to have occurred during the adjustment of the subject loss and claim, is largely the results of differences in opinion related to the scope of the loss and necessary repairs to direct and ensuing damages. Any mistakes in estimates were not an attempt to defraud APIC.

As **Second Affirmative Defense** Zevuloni states that APIC waived its right to rescission when it continued to adjust the loss long after discovering the alleged fraud, knew it may rescind the Policy, adjusted the loss in spite of this knowledge, threatened rescission only to pressure Sound Connection into accepting less than the benefit of its bargain, made a coverage determination as to the amount of coverage, and only finally chose to rescind the contract in direct retaliation to Sound Connection invoking appraisal pursuant to the Policy. APIC knew of the alleged fraud for months before making its coverage decision, continued to adjust the loss, and only choose to rescind when faced with the risk of paying in appraisal.

As **Third Affirmative Defense** Zevuloni invokes unclean hands, as APIC had knowledge of the purported "fraud," and rather than rescind the Policy when it should have, chose to continue to adjust the loss only to gain a litigation advantage, purely for the purpose of manufacturing the breach. APIC threatened rescission to pressure sound Connection into accepting the coverage decision, for its pecuniary advantage, when APIC knew that the alleged "fraud' was the byproduct of a difference in opinion, mistake, and/or manufactured by its counsel's clever wordplay and mischaracterization of tenants.

As **Fourth Affirmative Defense**, the alleged fraud is the result in differences in opinion during the adjustment of the loss and submission of the application. The allegations of fraud are the result of APIC's counsel's wordplay, and/or the failure of APIC and/or its representatives to properly underwrite the subject Policy.

As **Fifth Affirmative Defense** Zevuloni at no time intended to misrepresent the claim, or statements submitted in the application, and any factual inconsistencies are the result of innocent error, and/or mutual mistake. There is no bad faith, or intent to defraud on the part of Zevuloni.

As **Sixth Affirmative Defense**, APIC is attempting to impermissibly pierce the corporate veil, and may not sue Mr. Zevuloni individually. At all times relevant hereto, Mr. Zevuloni was working on behalf of Zevuloni & Associates. There was no conduct for the purpose of accomplishing fraud, or some other unlawful/improper purpose that would warrant piercing the corporate veil.

Respectfully submitted on this 22nd day of March, 2019

**Daniel Y. Gielchinsky, P.A.**

By: __/s/ Daniel Y. Gielchinsky_____
**Daniel Y. Gielchinsky, Esq.**
FBN: 97646
1132 Kane Concourse, Suite 302
Bay Harbor Islands, FL 33154

Phone: 305-763-8708
Email: dan@dyglaw.com
*Attorneys for Defendants,*
*Zevuloni & Associates, Inc. and Joseph Zevuloni*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 22, 2019, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system. I further certify that the document is being served this day on all counsel of record identified on the attached Service List in the manner specified either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    */s/ Daniel Y. Gielchinsky*
**Daniel Y. Gielchinsky, Esq.**

### SERVICE LIST
CASE NO.: 18-cv-62686-UU

Michael B. Buckley, Esq.
Buckley Law Group, P.A.
3637 Fourth Street North, Suite 330
St. Petersburg, FL 33704
Phone: (727) 822-4800; Fax: (727) 822-4855
mbuckley@buckleylawgroup.com
jseipel@buckleylawgroup.com
hdalmanieras@buckleylawgroup.com
jparmerlee@buckleylawgroup.com


Jeremy F. Tyler, Esq.
Andrew Fuxa, Esq.
490 Sawgrass Corporate Parkway, Suite 110
Sunrise, Florida 33325
P: (954) 990-5251
F: (954) 990-4346
pleadings@gftlawfirm.com;
Jeremy.tyler@gftlawfirm.com